NOT DESIGNATED FOR PUBLICATION

No. 123,560

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER HESKETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wallace District Court; SCOTT SHOWALTER, judge. Opinion filed September 24, 2021. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before WARNER, P.J., MALONE and BUSER, JJ.

PER CURIAM: Tyler Heskett appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Heskett's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has filed no response. We affirm the district court's judgment.

FACTS

On February 21, 2018, Heskett pled guilty to one count of unlawful distribution of a controlled substance for a crime committed in August 2017. On April 11, 2018, the district court sentenced Heskett to 77 months' imprisonment but granted his motion for a dispositional departure to probation for 18 months.

1

Heskett was unsuccessful on probation. On April 23, 2019, the intensive supervision officer (ISO) ordered Heskett to serve 30 days of confinement for probation violations. After he served his sanction, but still while on probation, Heskett was charged with driving under the influence (DUI) in June 2019. He was granted a diversion which was later revoked. Several times during his probation, Heskett admitted to or tested positive for marijuana or THC use and alcohol use. He also did not successfully complete the required drug and alcohol program. Heskett also failed to report to community corrections many times between October 2019 and March 2020. After his failure to report in March 2020, his ISO was unable to find Heskett and listed him as an absconder. The ISO later discovered Heskett had moved to Oklahoma without permission.

On June 4, 2020, the State moved to revoke Heskett's probation, alleging Heskett failed to: obey all laws; report as directed; inform his ISO of his current address and phone number; refrain from possessing, using, or trafficking illegal drugs and alcohol; and complete his required treatment and counseling programs. The district court issued a bench warrant for Heskett, and he was eventually arrested in Colorado.

The district court held a probation revocation hearing on December 17, 2020. The State called the ISO, who testified to Heskett's violations as stated above. Heskett called three witnesses in his defense. They each testified that Heskett was a good person and that they would provide a support system for him should he be allowed to stay on probation. Heskett took the stand and admitted he had violated his probation. He explained that he went to Oklahoma to be with his children during the height of the pandemic. Once he was there, he had no way to return because he had a suspended driver's license. His suspended driver's license also prevented him from completing his drug and alcohol treatment program because he could not drive to the appointments. Heskett vowed to stay clean, stay out of trouble, and stay in communication with the ISO.

The district court found that Heskett violated the conditions of his probation and revoked it. In support of its ruling, the district court described Heskett's long criminal history and noted that he received a dispositional departure. The probation revocation journal entry listed these reasons for revocation: new crime, failure to report, failure to update contact information, failure to remain in the area, absconded supervision, use of illegal drugs, and failure to complete treatment. The district court ordered Heskett to serve his original sentence. He timely appealed the district court's judgment.

ANALYSIS

Heskett argues that the district court erred in revoking his probation and imposing his underlying prison sentence. Heskett asked the district court for a second chance and he cited his desire to seek treatment, continue employment, and care for his children as reasons the court should allow him to remain on probation.

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). A court abuses its discretion if its decision is arbitrary, fanciful, or unreasonable or it is based on an error of law or fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party alleging the abuse of discretion bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 2017 Supp. 22-3716(c) limits the court's discretion in deciding how to sanction a felony probation violator. Under the statute, a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her original sentence, unless certain exceptions apply. Here, the district court could bypass the intermediate sanctions because Heskett committed a new crime while on probation and because the probation was originally granted as the result of a dispositional

3

departure. K.S.A. 2017 Supp. 22-3716(c)(8)(A); 22-3716(c)(9)(B). We need not address the district court's additional finding that Heskett absconded from supervision. Because the district court could revoke Heskett's probation without first imposing intermediate sanctions, the issue is whether the district court's actions were otherwise unreasonable.

Heskett argues the district court abused its discretion when it ordered him to serve his original sentence because it could have given him another chance on probation. A court abuses its discretion if no reasonable person would have taken the court's position. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). At the probation revocation hearing, Heskett did not dispute that he committed a DUI while on probation. He also admitted to many other probation violations including failing to report, leaving the state without permission, using drugs and alcohol, and failing to complete his required treatment program. Heskett has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.